FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 5 2012

JAMES W. McCORMACK, CLERK
By: _____ SDuo
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CAROLYN LICHTBLAU                                       PLAINTIFF

V.                           NO. 4:12 cv 665 BSM

HARDING UNIVERSITY, INC. and
THE CINCINNATI INSURANCE COMPANY                        DEFENDANTS

**COMPLAINT**

*This case assigned to District Judge Miller*
*and to Magistrate Judge Ray*

## INTRODUCTION

1. This is a civil action seeking monetary damages against Defendants for committing acts or omissions of negligence against Plaintiff.

2. Plaintiff Carolyn Lichtblau is a citizen and resident of Minnesota.

3. Defendant Harding University, Inc. is an Arkansas Corporation with its principal place of business in Arkansas and was at all times relevant to this matter located and operating in White County, Arkansas.

4. Defendant The Cincinnati Insurance Company is an Ohio corporation with its principal place of business in Ohio and was at all times relevant to this matter operating in Arkansas. Defendant Harding may be a charitable organization. If it is, The Cincinnati Insurance Company is a proper party because it is the insurance carrier for Harding.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action and over the parties. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1983 and common law. Venue is

-1-

proper in this district pursuant to 28 U.S.C. § 1391 (b) because the acts complained of occurred in White County, Arkansas and Plaintiff resides in Minnesota. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## FACTS

6. On the evening of October 29, 2009, Plaintiff ("Mrs. Lichtblau") was visiting her daughter, a student at Harding University ("Harding").

7. White walking on the Searcy, Arkansas campus of Harding University, Mrs. Lichtblau stepped off of an asphalt surface serving as a sidewalk and onto an area that appeared to be an extension of the asphalt. The area Mrs. Lichtblau stepped into was actually a hole ("The Hole") which had become filled with water from rain that was falling previous to, and at the time of the injury.

8. As a result of stepping into The Hole, Mrs. Lichtblau sustained injuries to her ankle.

## COUNT I - NEGLIGENCE

9. Plaintiff re-alleges and incorporates paragraphs 1 through 8 into this paragraph.

10. Separate Defendant Harding knew or should have known:

    a. The Hole would become filled with water during a rain event;

    b. That during the low light conditions of the evening hours The Hole, when filled with water, would be mistaken as an extension of the adjacent asphalt surface;

    c. That students and others regularly walk next to The Hole;

    d. That visitors to the campus would be less familiar with dangerous

conditions on campus;

e. That if someone stepped into The Hole they could become injured.

11. Separate Defendant Harding should have reasonably expected that someone would step into The Hole and become injured. Defendant Harding was negligent in failing to cover or barricade the hole or to erect signs warning of the Hole.

12. As a direct and proximate result of one or more of these aforesaid negligent acts or omissions, Plaintiff sustained personal injuries. These injuries caused the Plaintiff to experience great pain and suffering.

13. Plaintiff was caused to expend considerable sums of money for necessary medical care and attention and may be liable for future medical expense for these injuries.

14. These injuries rendered the plaintiff temporarily disabled and unable to perform her daily work and affairs whereby the plaintiff sustained a loss of wages.

15. The Plaintiff also sustained the loss of her enjoyment of a normal life.

16. As a result of the injury, Mrs. Lichtblau's quality of life has been significantly diminished. Inter alia she has been prohibited or significantly limited in the following activities, which before the injury were activities she routinely participated in; Hiking, biking, ballroom dancing and gardening.

17. As a direct result of the injury, Mrs. Lichtblau has experienced pain on a daily basis. The level of the pain she experiences is intensified when performing typical daily activities, including but not limited to; standing, doing laundry, driving, cleaning house, etc.

18. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Carolyn Lichtblau respectfully requests judgment in her favor and against the Defendants, Harding University, Inc. and The Cincinnati Insurance Company, joint and severally in an amount in excess of $75,000.00, all other costs herein expended, and for any and all other just and proper relief to which the Plaintiff may be entitled.

    Respectfully submitted,

    Timothy O. Dudley, Ark. Bar #82055
    114 South Pulaski Street
    Little Rock, AR 72201
    (501) 372-0080 Telephone
    (501) 372-2999 Facsimile
    Todudley@swbell.net

BY: _[signature]_