IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CAROLYN LICHTBLAU**                                                                          **PLAINTIFF**

v.                               **CASE NO. 4:12CV00665 BSM**

**HARDING UNIVERSITY, et al.**                                                          **DEFENDANT**

## ORDER

Defendant Harding University is dismissed, upon the agreement of the parties, because it is a charitable institution. The Cincinnati Insurance Company's motions to strike [Doc. No. 13] and for summary judgment [Doc. No. 7] are denied.

## I. FACTUAL BACKGROUND

Viewed in the light most favorable to Carolyn Lichtblau, the non-moving party, the facts are as follows. Lichtblau resides in Minnesota and her daughter attends college at Harding University in Searcy, Arkansas. In 2012, Lichtblau and her husband received an invitation from Harding regarding its homecoming weekend, which spanned from October 29, 2012, to November 1, 2012. The Lichtblaus visited their daughter and on the night of October 29, 2012, Lichtblau and her husband were walking on a path from their daughter's dorm to their car. As it was dark and storming, visibility on the path was poor. At a certain point, the path wound around a large tree, and there was a difference in elevation between the path and the adjacent non-paved area of as much as five inches. Lichtblau stepped off the path into the non-paved area, and sprained her ankle. She is suing Harding and its insurer, the Cincinnati Insurance Company, for negligence for failing to warn her about the dangers presented by the path.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial.  *Id.*  Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the nonmoving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  Additionally, the evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

The parties agree that Harding University should be dismissed because it is a charitable institution that is immune from suit.  *George v. Jefferson Hosp. Ass'n, Inc.*, 987 S.W.2d 710, 712–13 (Ark. 1999).  Consequently, the sole defendant is Harding's insurer, the Cincinnati Insurance Company.  *See* Ark. Code Ann. § 23-79-210.  The Cincinnati Insurance Company's motions to strike and for summary judgment are denied.

A.   <u>Defendants' Motion to Strike</u>

Defendant Cincinnati Insurance Company's motion to strike two affidavits attached to Lichtblau's response to the motion for summary judgment is denied.  In those affidavits,

1

Lichtblau and her husband state they received an invitation from Harding to attend homecoming activities on campus. Defendant argues that such testimony contradicts the Lichtblaus' depositions, in which they fail to state they received homecoming invitations, but specifically state that the main purpose of their visit was to see their daughter. Defendant claims Lichtblau is seeking to manufacture new facts in an attempt to survive summary judgment.

Defendant is correct that the Lichtblaus failed to mention, during their depositions, that they received invitations from Harding. This, however, does not support defendant's position that its introduction in the affidavits is "contrary to the spirit of the deposition testimony." Accordingly, defendant's motion to strike the affidavits is denied.

B. <u>Summary Judgment</u>

Whether defendant's motion for summary judgment should be granted depends primarily on whether Lichtblau was Harding's licensee or public invitee.

*1. Licensee v. Invitee*

A licensee is one who "goes upon the premises of another with the consent of the owner for one's own purposes and not for the mutual benefit of oneself and the owner." *Lively v. Libbey Mem'l Physical Med. Ctr.*, 841 S.W.2d 609, 611–12 (Ark. 1992). In contrast, a public invitee is one who is "invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public." *Id.* at 612. These classifications are key, because a landowner owes a licensee merely a duty to refrain from injuring her through willful or wanton conduct. *Lively,* 841 S.W. 2d at 612. The duty owed

2

by a landowner to an invitee is much greater. Indeed, the landowner is required to exercise reasonable care to protect an invitee from dangers the landowner knew of, or with the exercise of reasonable care, would have discovered. *Van DeVeer v. RTJ, Inc.*, 101 S.W.3d 881, 883–84 (Ark. Ct. App. 2003).

In determining whether Lichtblau visited Harding's campus as a licensee or an invitee, it is important to look at the purpose of her visit, as well as Harding's invitation to her. *Tucker v. Sullivan*, 821 S.W.2d 470, 472 (Ark. 1991). While Lichtblau states that she traveled to Harding's campus because she received an invitation from Harding to attend homecoming, defendant argues that she traveled to campus primarily to visit her daughter. This is important because, even when the landowner benefits from the visitor's entry upon the land, "a social visitor is regarded as a licensee" and not an invitee. *Slavin v. Plumbers & Steamfitters Local 29*, 207 S.W.3d 586, 588 (Ark. Ct. App. 2005). This is the case because Arkansas has not expanded invitee status to one whose presence is primarily social. *Bader v. Lawson*, 898 S.W.2d 40, 42 (Ark. 1995).

When the land is "thrown open" to the public, however, there is an implied assurance that "the premises have been made safe to receive [the visitor]." *Home Ins. Co. v. Spears*, 590 S.W.2d 71, 73 (Ark. Ct. App. 1979). For example, three men who were leaning on the railings of a county bridge which then collapsed were deemed public invitees. *Id.* Even though the men were on the bridge for their own purposes, the fact that the bridge was open to the public was sufficient to support of a finding that they were public invitees. *Id.*

Arkansas courts have not addressed when visitors to college or other school campuses

3

are considered invitees and/or licensees, but other states have. It appears that the existence or extent of a school's invitation is a crucial factor in determining the status of a visitor. In *Gilpin v. Ivy Tech State College*, 864 N.E.2d 399, 400–01 (Ind. Ct. App. 2007), a student's father was injured when the father slipped on a campus sidewalk while walking to the restroom. The Indiana Court of Appeals ruled that the father was a licensee because nothing in the record indicated that the college "encouraged, desired, induced, or expected" him to use the restroom. *Id.* at 402. The same court held that a parent who was injured when decorating his child's high school for a prom party was a licensee. *Moore v. Greensburg High School*, 773 N.E.2d 367, 371 (Ind. Ct. App. 2002). Although the parent argued that the school invited him onto campus to help decorate, the court noted that no express or implied invitation appeared to be extended. *Id.* at 370. Instead, the school merely provided the prom-parent committee with permission to use the facility for decorating purposes, and did not hold the premises out as open to the public at large. *Id.* at 370–71; *see also Cook v. State*, 116 Wash. App. 1020 (Wash. Ct. App. 2003) (holding that a woman injured while walking across a public university campus was not a public invitee because the campus was not held open to the public.).

In contrast, the New York Court of Claims held that a woman who was injured at her daughter's graduation ceremony was an invitee. *Robotham v. State*, 282 N.Y.S.2d 586, 590 (N.Y. Ct. Cl. 1967). There, the court noted that the woman had received an invitation to attend the ceremony, and had never visited the building where she was injured prior to that evening. *Id.* at 588, 590.

*2. Lichtblau's Status*

This is a close case because, while Lichtblau received a formal invitation from Harding to attend its homecoming festivities, she undoubtedly used homecoming as an occasion to visit her daughter. Despite the social purpose of her visit, the fact remains that Harding sent Lichtblau the invitation, and appeared to "throw open" its campus to the public that weekend for its homecoming festivities. Consequently, Lichtblau was Harding's invitee.

Defendant's motion for summary judgment must be denied because a reasonable fact finder could determine that Harding knew of, or with the exercise of reasonable care, should have discovered the danger that caused Lichtblau's injury. Although defendant further argues that Lichtblau assumed the risk of walking down a dark path during a rain storm, Lichtblau testified at her deposition that she could not detect the difference in elevation because it was covered in water and leaves. Consequently, there is a question of fact as to whether Lichtblau should have been aware of the danger because it was open and obvious. Further complicating this argument is that defendant's position relies heavily on its belief that Lichtblau was Harding's licensee.

## IV. CONCLUSION

For the reasons set forth above, Harding University is dismissed, and defendant's motions to strike [Doc. No. 13] and for summary judgment [Doc. No. 7] are denied.

IT IS SO ORDERED this 12th day of November 2013.

_____
UNITED STATES DISTRICT JUDGE